IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

LUKE SKRABLE                                                                PLAINTIFF

v.                              No. 4:15-cv-497-DPM

MARK STODOLA, Little Rock Mayor, and
BRUCE T. MOORE, Little Rock City Manager,
Both Individually and in Their Official Capacities        DEFENDANTS

ORDER

1. Mayor Stodola's motion to dismiss, № 7, is granted in part and denied without prejudice in part. Skrable has — as the Court said at screening — stated claims against the Mayor. № 3. The motion and response fight about the facts. The Court can't resolve this fight now. *Florida State Board of Administration v. Green Tree Financial Corporation*, 270 F.3d 645, 663 (8th Cir. 2001). But Skrable adds that he's not after the Mayor for the banning letter — just for what happened at the City board meeting. № 11 at 2, 11. The banning-letter claim against Mayor Stodola is therefore dismissed without prejudice.

2. City Manger Moore's motion to dismiss, № 13, is granted in part and denied without prejudice in part. The Court said at screening that Skrable pleaded plausible First and Fourteenth Amendment claims. № 9. Manager Moore's only challenge on the equal protection claim is a failure to exhaust.

When and how Skrable is required to exhaust under the banning letter needs more factual development. The motion is denied without prejudice on this point. Skrable now says, though, that he's *not* making a First Amendment claim against Manager Moore about the banning letter either. *№ 15 at 10 & 16 at 13*. The First Amendment claim against Manager Moore is therefore dismissed without prejudice.

**3.** Qualified immunity? Mayor Stodola asserts it. (Manager Moore also asserts it on the First Amendment claim that Skrable's dropping, but not on the Fourteenth Amendment claim that's going forward.) Mayor Stodola's request to end this case on that basis now is denied without prejudice. The facts are murky and disputed at this point. The Mayor hasn't shown that he's entitled to immunity on the face of Skrable's complaint. *Compare Bradford v. Huckabee*, 394 F.3d 1012, 1015 (8th Cir. 2005). Taking Skrable's view of things as the truth, the Mayor lied about the subject of Skrable's proposed remarks at the 20 January 2015 board meeting to prevent Skrable from speaking about the real subject. *№ 2 at 1–2*. This (assumed) action would violate Skrable's clearly established First Amendment rights in a limited public forum such as

the City board meeting. *Rosenberger v. Rector and Visitors of the University of Virginia et al.*, 515 U.S. 819, 829, 830 (1995).

**4.** Skrable can't raise new claims about due process or cruel and unusual punishment in a response to a motion. № 15 at 9 & 16 at 11. Instead, Skrable (and all the parties) must follow Federal Rule of Civil Procedure 15, Local Rule 5.5(e), and the Court's Scheduling Order — which will soon issue — about proposed amended pleadings.

**5.** The Court would appreciate briefing, in due course, about possible *Heck v. Humphrey*, 512 U.S. 477 (1994) issues.

\* \* \*

Mayor Stodola's Motion to dismiss, № 7, granted on the banning-letter claim and denied without prejudice on the claim about the City board meeting. Manger Moore's motion to dismiss, № 13, granted on the First Amendment claim and denied without prejudice on the Fourteenth Amendment claim.

These claims remain:

- First Amendment claim against Mayor Stodola based on the City board meeting; and

- Fourteenth Amendment claim against Manager Moore asserting denial of equal protection based on the banning letter.

Because this case has been pending since August, the Court will issue an Initial Scheduling Order and proposed Final Scheduling Order now.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

*11 January 2016*